FILED
CLERK OF COURT

2025 JUL 16 PM 3:55

SUPERIOR COURT
OF GUAM

## IN THE SUPERIOR COURT OF GUAM

PEOGLE OF GUAM,

PEOPLE OF GUAM,

vs.

**JORDAN MICHAEL BABAUTA,**
DOB: 03/15/1991

Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)

CRIMINAL CASE NO. **CF0680-23**
GPD Report No. 23-03172

**DECISION & ORDER
RE. DEFENDANT'S MOTION TO
DISMISS**

This matter came before the Honorable Alberto E. Tolentino on December 27, 2024 through Defendant Jordan Michael Babauta's ("Defendant") Motion to Dismiss or Exclude Untimely Disclosed Witnesses. On December 30, 2024, the court held a motion hearing where the Defendant was present with counsel Attorney Vanessa Williams. Assistant Attorney General Aaron Boyce was present for the People of Guam ("People"). Ultimately, the court granted the dismissal of this case as an appropriate sanction for the violation. *See* Mot. Hr'g Mins. at 1:26:20 – 29:14PM (Dec. 30, 2024). Having duly considered the parties' briefings, oral argument, and the applicable law, the court now issues this Decision and Order, memorializing its earlier ruling to **GRANT IN PART AND DENY IN PART** the Defendant's Motion to Dismiss or Exclude Untimely Disclosed Witnesses.

\\

\\

## BACKGROUND

The Defendant was charged with the following offenses: (1) ARMED CARJACKING (As a 1st Degree Felony) with Possession or Use of a Deadly Weapon in the Commission of a Felony as a Special Allegation; (2) SECOND DEGREE ROBBERY (As a 2nd Degree Felony) with Possession or Use of a Deadly Weapon in the Commission of a Felony as a Special Allegation; (3) THEFT OF A MOTOR VEHICLE (As a 2nd Degree Felony) with Possession or Use of a Deadly Weapon in the Commission of a Felony as a Special Allegation; and (4) AGGRAVATED ASSAULT (As a 3rd Degree Felony) with Possession or Use of a Deadly Weapon in the Commission of a Felony as a Special Allegation. *See* Indictment (Oct. 24, 2023).

The court previously issued its Decision and Order denying the Defendant's earlier Motion to Dismiss on the basis of a speedy trial violation. *See* Decision & Order (Dec. 3, 2024). On December 27, 2024, the Defendant subsequently filed his Motion to Dismiss or Exclude Untimely Disclosed Witnesses (8 GCA § 70.45) ("Motion to Dismiss"). The court addressed oral arguments on the Motion to Dismiss in a motion hearing held on December 30, 2024, where it ultimately dismissed this case for reasons discussed below.

## DISCUSSION

"If at any time during the course of the proceedings, it is brought to the attention of the court that a party has failed to comply with an order issued pursuant to this Chapter, the court may order such party to comply with the prior order, grant a continuance, or issue such other order as it deems just under the circumstances." 8 GCA § 70.45. The Guam Supreme Court determines a proper sanction using the following factors: (1) reasons why the disclosure was not made; (2) the extent of the prejudice, if any, to the opposing party; (3) the feasibility of rectifying

that prejudice by a continuance; and (4) any other relevant circumstances. *People v. Tuncap*, 1998 Guam ¶ 25 (citing *United States v. Sarcinelli*, 667 F.2d 5, 7 (5th Cir. 1982)).

Pursuant to 8 GCA § 70.45 and the factors outlined in *Tuncap*, the Defendant sought this case's dismissal given the untimely disclosure of "the identities, addresses, and record of prior criminal convictions of all witnesses they intend to call for trial." Def.'s Mot. at 5 (Dec. 27, 2024). In response, the People argued that dismissal was a serious sanction for the untimely disclosure of evidence they do not believe to be exculpatory. *See* Mot. Hr'g Mins. at 1:20:20 – 21:07PM.

Based on the first *Tuncap* factor, the People indicated that they had no record or reasons for the failure to disclosure their witnesses in accordance with the court's order. *See* Mot. Hr'g Mins. at 1:21:11 – 21:30PM. As to the second *Tuncap* factor, the court agreed that the untimely disclosure of witnesses and other evidence would prejudice the Defendant's ability to prepare his defense on an expedited basis. *Id.* at 1:26:20 – 29:14PM. Lastly, the court's analysis of the third *Tuncap* factor shows that a continuance would not rectify the Defendant's prejudice due to his assertion of speedy trial. *Id.*

Because the *Tuncap* factors weigh in favor of the Defendant, the court found dismissal as an appropriate sanction for the People's violation of 8 GCA § 70.45. *Id.* at 1:26:20 – 29:14PM. The court also found that dismissal rendered the Defendant's alternative motion to exclude the admission of untimely disclosed witnesses at trial as moot.

\\
\\
\\
\\
\\

## CONCLUSION

For the reasons set forth above, the court hereby **GRANTS IN PART AND DENIES IN PART** the Defendant's Motion to Dismiss or Exclude Untimely Disclosed Witnesses.

**SO ORDERED** this ___JUL 1 5 2025___, *nunc pro tunc*, December 30, 2024.



**HONORABLE ALBERTO E. TOLENTINO**
Judge, Superior Court of Guam

**SERVICE VIA EMAIL**
I acknowledge that an electronic
copy of the original was e-mailed to:

OAG & V. Williams

Date: 7/16/25 Time: 3:56
Renita M. Lindlau
Deputy Clerk, Superior Court of Guam